Barbara A. DeBuono, M.D., M.P.H. Formal Opinion Commissioner No. 97-F1 Department of Health Corning Tower Empire State Plaza Albany, N Y 12237
Dear Commissioner DeBuono:
Your counsel has requested an opinion as to whether certain consultants employed by the Department of Health are eligible for defense and indemnification under section 17 of the Public Officers Law. He has explained that these consultants include physicians of various specialties and people from other licensed health care disciplines, such as respiratory therapists, audiologists and podiatrists. The Department's concern is whether or not these consultants are covered by section 17 when
advising your program staff on particular requests for goods and services to be paid for by Medicaid.
When the Department receives requests for particular services which require prior approval under Medicaid requirements, the requests are sent to the Department's Office of Health Systems Management Medicaid Management Information Systems (MMIS) review staff. Each request is reviewed to determine whether the items or services requested fall within the scope of Medicaid benefits and to determine whether they are appropriate for the diagnosis of the particular patient. The consultants assist MMIS in making these determinations.
Your counsel explained that the consultants participating in the program are paid on an hourly basis upon submittal of State vouchers and that no deductions are made from their payments. Some consultants provide services on a set schedule while others only provide services when MMIS requests their assistance.
You request an opinion of the Attorney General as to whether health care consultants employed by the Department to inform MMIS of the appropriateness of plans or courses of treatment for individual Medicaid beneficiaries are eligible for defense and indemnification under the terms and conditions of section 17 of the Public Officers Law.
Section 17 of the Public Officers Law provides for defense and indemnification of an "employee" which in part is defined to mean:
 any person holding a position by election, appointment or employment in the service of the state . . . or a volunteer expressly authorized to participate in a state-sponsored volunteer program, but shall not include an independent contractor.
It seems clear from your counsel's letter that the consultants are independent contractors. They are paid on an hourly basis by voucher, permitting pre-audit by the State Comptroller prior to payments by the State. This is the typical means by which contractors are paid for their services. Further, no deductions are made from payments to these consultants for items such as withholding taxes, fringe benefits and retirement contributions. These are other indicia that the consultants are independent contractors rather than employees of the State. Also, counsel's letter indicates that these consultants provide independent opinions regarding the appropriateness of a proposed treatment plan. Thus, in the performance of their duties, these consultants are not subject to direct supervision and control by the Department, which is another indicator of independent contractor status. 1975 Op Atty Gen 59, 60.
Based on all of the above factors, we conclude that the consultants are independent contractors. Therefore, to be eligible to receive defense and indemnification by the State they must fall within the provisions of section 14 of the Public Health Law which provides:
 The provisions of section seventeen of the public officers law shall apply to any physician, dentist, nurse or other health care professional who is licensed to practice pursuant to article one hundred thirty-one, one hundred thirty-one-B, one hundred thirty-three, one hundred thirty-six, one hundred thirty-seven, one hundred thirty-nine, one hundred forty-three, one hundred fifty-six, one hundred fifty-seven, one hundred fifty-nine, or one hundred sixty-four of the education law and who is rendering professional treatment or consultation in connection with professional treatment authorized under such license at the request of the department, or at a departmental facility, including clinical practice provided pursuant to a clinical practice plan established pursuant to subdivision fourteen of section two hundred six of this chapter, to patients receiving care or professional consultation from the department while rendering such professional treatment or consultation. . . .
Section 14 was added by Chapter 442 of the Laws of 1979 and initially applied to any physician, dentist or nurse. L 1979 ch 442. The section was amended by Chapter 601 of the Laws of 1982 to add many of the other health care professionals who are now listed in the provision, as quoted above. The legislative history of the original enactment indicates that a broad application was intended:
 Patient care and consultation in connection with patient care are frequently provided by doctors, dentists, and nurses at department facilities or under the direction of the department, but because such professionals are not employees of the department they are not covered by Public Officers Law § 17. However, the department has difficulty obtaining the services of such health care professionals because of the uncertainty of the relationship. Bill Jacket, L 1979 ch 442, Memorandum in Support of Assembly 7221; see also, June 20, 1979 Letter from Senator Tarky Lombardi, Jr. to the Counsel to the Governor regarding Senate 5580.
We believe that section 14 of the Public Health Law provides section 17 coverage for the services provided, as described in your counsel's letter, but only as to the health care professionals who are specifically listed in that section. In informing the Health Department as to the appropriateness of the treatment plan, the health care professional is providing "consultation in connection with professional treatment authorized under . . . [his or her] license at the request of the department". Public Health Law § 14. Further, we view this consultation as falling within section 14's requirement that it be provided "to patients receiving . . . professional consultation from the department . . .". The review by these health care consultants of the appropriateness of the proposed course of treatment for a Medicaid patient is a second opinion as to whether the treatment is appropriate for the diagnosis and, therefore, directly benefits the patient. Since the review by these consultants is required for Medicaid patients, the consultation is being provided to patients receiving professional consultation from the Department as required by section 14 of the Public Health Law. As indicated by the legislative history of the original enactment, the broad purpose of section 14 is to provide defense and indemnification to health care professionals providing patient care and consultation in connection with patient care at Department facilities or under the direction of the Department. Thus, we conclude that the services provided by the consultants fall within section 14.
Section 14 is, however, specific in its coverage of health care professionals. It provides defense and indemnification only to physicians, dentists, nurses or other health care professionals licensed to practice under Education Law Articles 131 — medicine; 131-B — physician's assistants and specialists; 133 — dentistry and dental hygiene; 136 — physical therapy and physical therapist assistants; 137 — pharmacy; 139 — nursing; 143 — optometry; 156 — occupational therapy; 157 — dietetics and nutrition; 159 — speech-language pathologists and audiologists; and 164 — respiratory therapists and respiratory therapy technicians.
Thus, not every health care specialty is covered by section 14. For example, among the professions cited by your counsel in his request for an opinion, podiatrists have not been included in section 14's coverage. In order to add to the list of health care professionals receiving defense and indemnification under section 14, an act of the Legislature would be required. The Legislature took such action when it added health care professionals licensed to practice under Education Law Articles 131-B, 157 and 164 by enacting Chapter 505 of the Laws of 1995.
We conclude that the health care professionals listed in section14 of the Public Health Law providing consultation to the Department of Health concerning the appropriateness of treatment plans for Medicaid patients are entitled to defense and indemnification by the State on the terms and conditions of Public Officers Law §17.
Very truly yours,
DENNIS C. VACCO
Attorney General